## HUTCHINGS' ADM'R

### *v.*

## COMMERCIAL BANK & AL.

(*Supreme Court of Appeals of Virginia, April 6, 1893.*)

[17 S. E. Rep. 477.]

### Curtesy—Property Subject to Wife's Separate Estate.*

Acts 1877–78, c. 248, § 2, after providing that nothing therein shall be so construed as to deprive a husband of curtesy in the real estate of the wife, or the wife of dower in the real estate of the husband, provides that the sole and separate estate created by any gift, grant, or devise, shall be held according to the terms and powers and be subject to the provisions and limitations thereof, and to the provisions and limitations of the act "so far as they are in conflict therewith": *held*, that the husband is entitled to curtesy in the wife's separate estate, notwithstanding that the estate is so held under deeds of settlement as to bar the husband of curtesy; the power being given the wife to devise at pleasure, and she having devised to others than the husband.

Appeal from circuit court of city of Danville.

Bill by the Commercial Bank and others against Sue R. Hutchings' administrator. Decree, from which defendant appeals. Affirmed.

*E. E. Bouldin*, for appellant.

*Peatuss & Harris*, for appellees.

LACY, J., delivered the opinion of the court.

This is an appeal from certain decrees of the circuit court of the city of Danville, rendered on the 11th day of June,

---

*See monographic note on "Curtesy," Va. Rep. Anno.

1891, and on the 24th day of March, 1892, respectively. The bill was filed in this cause by the appellee the Commercial Bank against the appellant, Boisseau, administrator of Sue R. Hutchings, and as the next friend of the infant children of the said Sue R. Hutchings and J. R. Hutchings, seeking to subject the separate estate of the said Sue R. Hutchings to the payment of her note as security for her husband, John R. Hutchings, and to subject the curtesy of John R. Hutchings in her real estate to the payment of his debts, and to settle an account between the estate of the said Sue R. Hutchings and John R. Hutchings, and to have an account of the money advanced by John R. Hutchings to his wife and expended in erecting a dwelling house upon her lot. The defendant John R. Hutchings answered that his late wife did not agree to become his security to the plaintiff for more than $2,500, but that she agreed to become his security for $2,500, and no more; but that in his transactions with the bank he had become indebted to the bank in the sum of $2,497. That he executed a deed in trust to his codefendant P. H. Boisseau, mentioned in the bill, by which he conveyed to him and delivered certain choses in action to C. B. Keesee to aid the said trustee in collecting them. That he had no interest in the said dwelling house. That he and said Sue R. Hutchings were married in 1880, and on the 10th of June, 1881, Thomas B. Doe, her father, conveyed to a trustee a lot on West Main street for the sole and separate use and benefit of his daughter, free from the debts and liabilities of her husband. That the said respondent, being then in good circumstances, free of debt, built a dwelling house on said lot with his money, and he and his wife lived there for some years. That his wife bought a lot on Broad street, at the sale of her father's lands, and it was paid for out of her interest in her father's estate. That on the 16th of April, 1884, lot No. 9 and the half of lot No. 11, on Broad street, were sold to Sue R. Hutchings, and conveyed to a

trustee for the sole and separate use of said Sue R. Hutchings, to sell, convey in trust, or devise, as she might desire. This deed was signed by respondent and his wife. That this is the lot on Broad street referred to in the will of Sue R. Hutchings, on which a dwelling house was built, and which the will gives respondent the privilege of living in. That· to build this house on the Broad street lot the house and lot on Main street was conveyed in trust to secure $2,000 borrowed to build the house on Broad street, as is stated in the said deed, and it was so used, and, in addition, respondent paid $500 on the said dwelling ; and denies the charge in the plaintiffs' bill that the debts secured in the Boisseau deed were not *bona fide*, and says that the several amounts stated to be due to Sue R. Hutchings were due to her, and were part of her separate estate. The defendant P. H. Boisseau answered that he knew little, of his own knowledge, concerning the circumstances stated in the answer of his codefendant John R. Hutchings, but he believes them to be true ; that he is not advised whether the said John R. Hutchings took any estate in the Broad street dwelling or not, and submits the question to the court. The infant defendants made formal answer by their guardian *ad litem*, and submit their interest to the court. The will of Sue R. Hutchings gave (1) to her children, the infant defendants, all of her estate, real and personal ; (2) to her husband "the privilege of staying or living in the dwelling house on Broad street during his life, free of charge, as a home for him ;" (3) "but the said house and lot should in no way be liable for his debts, nor the rents and profits thereof."

The circuit court decreed an account (1) of the debts due from the estate of Sue R. Hutchings' estate ; (2) an account of her real estate, and what had been done with it ; (3) an account of the transactions of her administrator, and of the trustee, Boisseau ; (4) an account of what property and interest in property said John R. Hutchings owned, whether as

tenant by the curtesy or otherwise; (5) an account of what money John R. Hutchings paid on the building on the lot on Broad street, standing in the name of his wife; (6) an account of the debts due estate of Sue R. Hutchings at the time of her death, including what her husband owed, if any. The commissioner reported: (1) Sue R. Hutchings' personal property, $3,657.36; (2) her real estate and her personal estate together, $15,590.64; (3) the amount received by her trustee, and expended, $562.67; (4) on settlement of her administrator's transactions, balance due her administrator, $44.59. As to the amount paid by John R. Hutchings on the Broad street dwelling,—$1,978.94,—as stated in said Hutchings' answer, and paid by a loan obtained on the Main street lot. As to his curtesy, then, the said husband was entitled to curtesy in an undivided one-seventh interest in his wife's father's real estate; that he had no curtesy in the real estate held by her as separate estate, which included the Broad street dwelling. Debts due on Sue R. Hutchings' estate, $2,090; first class, the $2,000, with interest, due on the Main street lot; second class, taxes ($141.64); and the balance due Boisseau, administrator, $44.59; third class, the debt due the plaintiff the Commercial Bank $3,025, principal and interest; amount due her by her husband $2,738.36; and filed the depositions of witnesses, and subsequently stated the amount claimed to be due by J. R. Hutchings to the Star Warehouse at $1,116.75.

The counsel for the plaintiff admitted and waived proof of the fact that the money borrowed by Mrs. Hutchings from Davis on the Main street house—$1,978.94—was expended in building the house on the Broad street lot, and admit the copies of the above-mentioned deeds from E. E. Bouldin, commissioner, to S. M. Embrey; Brightwell, trustee, and others, to S. T. Davis, trustee; also the deed from J. R. Hutchings to Embrey, trustee, dated 21st June, 1888, as proved. But the complainants excepted to the report

because it was reported that John R. Hutchings had no estate by the curtesy in the real estate of his wife on Main street and on Broad street; and they excepted because the commissioner reported that J. R. Hutchings paid only $500 on the Broad street house, whereas the evidence shows that Hutchings, besides the Davis fund, paid on that house $1,883.75 of his own money, and there is no evidence that, as is reported, this or any part of it had been credited to him; and excepts also because the commissioner had credited J. R. Hutchings' indebtedness to his wife with all the money collected from the trust deed given to secure it,—$643.36.

The court, by decree in the cause of June 13, 1891, sustained the first exception of the plaintiff, overruled the second, and held that J. R. Hutchings was entitled to curtesy in the real estate of which his wife died seised, including both the Main street and Broad street lots, and that the creditors of J. R. Hutchings had the right to subject this to the payment of their debts; and held also that J. R. Hutchings had no claim against the estate of Sue R. Hutchings for the money advanced on the Main street lot before he became indebted to her, or indebted at all, but that the sums advanced by him in improving the Broad street property since he became indebted to her or to the creditors in this suit is a proper claim against the estate of Sue R. Hutchings, and should be allowed as payments on or offsets against the indebtedness of John R. Hutchings to the estate of Sue R. Hutchings; and ordered an account upon further proof of what amount was paid by John R. Hutchings on the Broad street property, and of what amount was collected by P. H. Boisseau, trustee, under the trust deed given by John R. Hutchings to secure to Sue R. Hutchings payment of his indebtedness to her; and a further account of the amount of rent to be paid J. D. Blair by Sue R. Hutchings; and a further account of the payments by John R. Hutchings on his indebtedness to her by advancements for improvements or debts of hers paid by

him ; recommitted the report for these inquiries and report thereon ; confirmed the report so far as not excepted to, and the court appointed a receiver to rent out the Main street property and any other real estate belonging to the estate of Sue R. Hutchings, except the Broad street dwelling, which was not to be rented out by consent of the creditors for the present.    The commissioner reported the amount collected by Boisseau, trustee, at $791.70 ; the balance due by J. R. Hutchings to his wife's estate at $2,386.04, to which was to be added whatever was required to be paid by Sue R. Hutchings' estate as security for J. R. Hutchings to the Commercial Bank ; as to the Blair debt, amount due by Mrs. Hutchings as principal, $94.58, amount for which she is surety to Bair, $1,404.42.

To this report Blair excepted, because Mrs. Hutchings was not reported as primarily liable for the whole debt. The Commercial Bank excepted because the commissioner had refused to report that J. R. Hutchings paid $1,883.75 to the building and improving on the Broad street property, and for which he should be credited on his note to Sue R. Hutchings, or else held to own part of the building, or an interest in the property, and also because of the report as to the Blair debt for rent ; that Mrs. Hutchings owed for rent only from the time she rented until her death ; and J. R. Hutchings concurred in the exceptions of the bank so far as it affected him; and the infant heirs, by counsel, asked leave to file their bill of review in the cause for a rehearing thereof, when by decree in January, 1892, the cause was by consent submitted for decision and decree in vacation, and on the 25th of March, 1892, the last decree appealed from was rendered, wherein the court decided that there was no error in the decree of June 13, 1891, sought to be reheard, and dismissed the petition for such rehearing, and decreed that the receiver, P. H. Boisseau, take possession of the Broad street house and rent that out as well as all other real

estate not to interfere with a sale to be held under the trust deeds when the beneficiaries so directed ; sustained exception No. 1 taken by the Commercial Bank and John R. Hutchings, and exception No. 2, taken by the Commercial Bank and J. D. Blair to the commissioner's report, and reduced the amount of the indebtedness of John R. Hutchings to Sue R. Hutchings' estate by the sum of $1,883.75 and interest, and decreed the amount due J. D. Blair by Mrs. Hutchings for rent to be $1,499, with interest on $1,400 from January 1, 1892, and that the same is secured by the trust deed of Sue R. and J. R. Hutchings to secure Blair. From this decree the appeal is brought to this court by the administrator of Sue R. Hutchings and by the infant children by their next friend.

The first error assigned is the decision by the court that John R. Hutchings was entitled to curtesy in his wife's real estate held as separate property under the statute (section 2, c. 248, Acts 1877–78), notwithstanding that the said real estate was so held under the deeds of settlement as to bar the husband of the curtesy in his wife's land, the power being granted her to devise her real estate at her pleasure, and she having devised to others than her husband. The statute above cited, after providing for the curtesy of the husband and the dower of the wife to be unaffected by the act, provides "that the sole and separate estate created by any gift, grant, devise, or bequest shall be held according to the terms and powers and be subject to the provisions and limitations thereof, and to the provisions and limitations of this act, *so far as they are in conflict therewith.*" The appellant insists that this act should be read as if the word "not" appeared in the proviso between the words "are" and "in conflict therewith," in the last line quoted from the act, and in italics. It is argued that, while there is no such word in the act to indicate an omission of the kind intimated, it is asserted that in the original act of 1876–77 the word "not"

was left out by the printer, but appeared in the act of assembly as enrolled. But when the act was amended the word "not" did not appear in the bill at any stage, and is not in the enrolled law in the hands of the keeper of the rolls. It is not to be presumed that the legislature intended to enact in a manner exactly opposite to the manner they did enact. In the act it is provided that nothing contained in this act shall be so construed as to deprive the husband of curtesy in the real estate of the wife, nor the wife of dower in the real estate of the husband, and the effect of the decrees appealed from is to give effect to this provision : and while it operates very rigidly on the husband in this case, it is not, perhaps, contrary to the justice of the case, when we recur to the artificial transactions and dealings impressed upon this real estate of the wife apparently having for their object the defeat of the just claims of the creditors of the husband, and wife also.

As to the second assignment of error, that the circuit court sustained the exception of J. D. Blair to the commissioner's report as to the amount of the debt due Blair by Sue R. Hutchings' estate. Blair rented his interest in the warehouse to Mrs. Hutchings for three years, and this lease passed to her administrator. Her death did not cancel nor impair the rights of Blair. The parties using, by agreement with her, her interest in the warehouse, were responsible to her administrator, but he could not compel Blair to look to them.

As to the third assignment of error,—that too large a sum was credited to John R. Hutchings for advancements made on his wife's account,—this appears to be sustained by evidence adduced before the commissioner, and the circumstances indicate that these sums were paid in addition to the $2,000, and they reconcile the evidence as to the cost of the house, which cannot be done under the statement that only $500 was advanced by the husband. Upon the whole, case we are of opinion to affirm the decree appealed from.